**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LONNIE L. SMALL,
D.O.C. #108080,**

      **Plaintiff,**

**vs.**                             **Case No.  4:21cv211-AW-MAF**

**MARK S. INCH, in his Official
Capacity as SECRETARY, of the
FLORIDA DEPARTMENT OF
CORRECTIONS,**

      **Defendant.**

**_____/**

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, initiated a civil rights case in this Court on January 28, 2021, by submitting a § 1983 civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Because Plaintiff's motion was insufficient to proceed, he was required to file an amended in forma pauperis motion or pay the filing fee for this case. ECF No. 4.

Plaintiff has now submitted an amended in forma pauperis motion, ECF No. 6, and a motion requesting that this case be continued, ECF No.

5.  Plaintiff has sufficiently demonstrated that he lacks the ability to pay the $402.00 filing fee for this civil rights action.  ECF No. 6.  Plaintiff's inmate account statement reveals he has a zero account balance and has not had any money deposited in his account during the past six months.  ECF No. 6 at 3.

However, Plaintiff's in forma pauperis motion also raised the possibility that Plaintiff was not entitled to proceed with in forma pauperis status.  Plaintiff's account statement reveals that Plaintiff has a $1,336.13 lien against his inmate account for federal prison litigation.  *Id.*

In light thereof, Plaintiff's complaint, ECF No. 1, has been reviewed. Plaintiff did not use the Court's complaint form in submitting his complaint. Had Plaintiff used the form which is required by the Local Rules of this Court, Plaintiff would have been directed to disclose his prior litigation history.  *See* N.D. Fla. Loc. R. 5.7(A) (stating the Court "need not - and ordinarily will not - consider a . . . complaint that is not filed on the proper form").  Since Plaintiff did not use the form and did not indicate he had previously filed other cases, the Court has undertaken such a review.[1]

---

[1] In conducting that review, the Court has confirmed that Plaintiff is the same person who filed the prior cases by comparing his inmate number - D.O.C. # 108080.

Plaintiff is not a stranger to federal court litigation as his in forma pauperis motion demonstrates.  He has filed over a dozen cases in the United States District Court for the Southern and Middle Districts of Florida. All of those cases need not be listed here, it is sufficient to take note of the following cases.

First, Plaintiff initiated case number 2:16cv544-SPC-MRM in the Middle District of Florida.  That case was dismissed on January 26, 2017, for two reasons: (1) the complaint failed to state a claim and was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii); and, alternatively, (2) it was dismissed for abuse of the judicial process because Plaintiff did not honestly disclose his prior litigation history.[2]  ECF No. 11 of that case.

Second, Plaintiff also filed case number 2:16cv678-FtM-38CM in the Middle District.  That case was dismissed on January 12, 2017, for failing to disclose his prior litigation history which constitutes abuse of the judicial process.  ECF No. 12 of that case.

---

[2] The order entered by United States District Judge Sheri Polster Chappel noted that Plaintiff had been on notice of the need to identify his prior federal actions and, moreover, had "two prior cases dismissed for failure to honestly apprise the Court of his prior litigation."  ECF No. 11 at 6, case # 2:16cv544.

Case No. 4:21cv211-AW-MAF

Third, Plaintiff filed case number 2:16cv791-JES-MRM in the Middle District of Florida.  That case was dismissed on November 9, 2016, for failing to disclose his previous lawsuits.  ECF No. 8 of that case.  Plaintiff was informed that "[s]uch a dismissal counts as a 'strike' for the purposes of the three-strikes provision of 28 U.S.C. § 1915(g)."  ECF No. 8 at 5 of that case.

Fourth, and more recently, Plaintiff filed case number 2:18cv14238-RLR in the Southern District of Florida.  Part of Plaintiff's claims were dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B).  ECF No. 8 of that case.  Plaintiff then filed a notice of appeal, ECF No. 10, but the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous.  ECF No. 16 of that case. The appellate dismissal also counts as a "strike" and brings Plaintiff's total number of strikes to at least five.

Plaintiff was advised in the first Order entered in this case that 28 U.S.C. § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury."  28 U.S.C. §

1915(g).  A dismissal on the ground that a prisoner failed to truthfully

disclose his prior litigation counts as a "strike" under 28 U.S.C. § 1915(g)

for abuse of the judicial process.  Rivera v. Allin, 144 F.3d 719, 731 (11th

Cir. 1998); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225

(11th Cir. 2011); Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008)

(explaining "that a dismissal based on a petitioner's abuse of the judicial

process may be properly considered a strike even if the dismissal fails to

state expressly that the claim was frivolous or malicious: 'dismissal for

abuse of the judicial process is precisely the type of strike that Congress

envisioned when drafting section 1915(g).'")(quoting Rivera)).

Furthermore, a case dismissed for failure to state a claim counts as a

strike, whether or not it was dismissed with, or without, prejudice.  Lomax v.

Ortiz-Marquez, 140 S. Ct. 1721, 1727, 207 L. Ed. 2d 132 (2020).

　　　　Here, Plaintiff's complaint does not present allegations that Plaintiff is

in imminent danger.  Rather, Plaintiff complains about gain time forfeitures

and transfers and he raises due process claims.  ECF No. 1.  He also

contends he was wrongfully returned to prison "without seeing a judge" and

having a probable cause determination.  *Id.* at 4.  Those are not claims that can proceed under the § 1915(g) exception.

Because Plaintiff has "three strikes," he is not entitled to proceed with in forma pauperis status in this case.  Accordingly, Plaintiff's motions for in forma pauperis status, ECF Nos. 2 and 6, should be denied and this case summarily dismissed.  Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation if he wants to proceed with his claims. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motions for leave to proceed in forma pauperis, ECF Nos. 2 and 6, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that his motion for leave to continue this case, ECF No. 6, be **DENIED**, and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $402.00 filing

Case No. 4:21cv211-AW-MAF

fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

　　　**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2021.


　　　　　　　S/    Martin A. Fitzpatrick
　　　　　　　**MARTIN A. FITZPATRICK**
　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

　　　**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**